### William Haggett *vs.* The Commonwealth.

By the Rev. Sts. *c.* 126, § 19, if a person be convicted of three distinct larcenies, at the same term of the court, there must be a consolidated judgment against him, as a common and notorious thief ; if separate judgments are awarded on the separate convictions, all those judgments are erroneous.

If an indictment for stealing, in a shop or warehouse, property of less value than $ 100, do not allege that the offence was committed " in the day time," the defendant, on conviction, can be punished only for a simple larceny.

THREE writs of error, to reverse three several judgments of the municipal court, awarded against the plaintiff in error at the same term of said court.

The arguments were had at the last March term.

*G. Bemis,* for the plaintiff in error.

*Austin,* (Attorney General,) for the Commonwealth.

SHAW, C. J. At the municipal court, December term 1839, the prisoner was convicted, on three several indictments for larceny, in each of which the property charged to be stolen was in value under $ 100. On each, the prisoner first pleaded not guilty, and afterwards retracted that plea, and pleaded guilty

In the first indictment, the prisoner was charged with stealing property of the value of about $ 60, in a shop, and it was not alleged to be done in the day time ; and he was thereon sentenced to three days' solitary imprisonment and afterwards to two years' hard labor in the house of correction. In the second, the charge was for stealing property of the value of about $ 25, in a warehouse, not averred to be in the day time ; and he was sentenced thereon to three days' solitary imprisonment, and two years' hard labor in the house of correction. In the third, the charge was for stealing property of a very small amount, on which he was sentenced to one day's solitary imprisonment and three months' hard labor, in the house of correction.

The first error assigned is, that as there were three convictions of larceny at one and the same term of the court, the prisoner should have been punished as a common and notorious thief, by one consolidated judgment upon the three convictions, pursuant to the Rev. Sts. c. 126, § 19.

It is manifest, that as each of these judgments was separate and distinct, and as the writs of error are several, each judgment must be considered as independent of the others, so far as to determine whether there be any error in law upon the face of the record. Taking the first judgment, for instance ; if the judgment was warranted by the conviction, it would not be erroneous in law. If erroneous at all, on the ground assigned, it would be in consequence of the fact of other convictions, at the same term ; a fact not appearing on the face of the record of the particular case. But as the Attorney General has not traversed the fact assigned for error, but pleaded *in nullo est erratum*, which is an admission of the fact, it is now to be taken as true.

The question is, whether upon the construction of the revised statutes, before cited, the law is imperative upon the court to enter the consolidated judgment, upon three convictions for larceny at the same term ; or whether it is competent for the court to punish for each offence separately, under the other provisions of the statutes applicable to single convictions. The language is imperative ; " every person who shall be convicted,

at the same term, of three distinct larcenies, shall be deemed a common and notorious thief, and shall be punished," &c. The language of *St.* 1804, *c.* 143, § 3, from which the provision in the revised statutes is taken, is nearly the same. Instead of saying " he shall be deemed a common and notorious thief," the language is, " every such offender shall be punished as a common and notorious thief." And in both, great latitude is allowed in the maximum of punishment, in order to meet the case of three separate convictions more or less aggravated Considering the language and the purposes of the law, the court are of opinion, that this provision was intended to be imperative, and not permissive merely ; and therefore in case of three convictions for larceny, at one and the same term, the regular and legal judgment is the one consolidated judgment against the offender, as a common and notorious thief; and separate judg ments upon each conviction are not warranted by law. The consequence of thus following the language of the statute is, that if in the opinion and judgment of the court before which such convictions are had, the convictions, taken together, are such as demand a higher punishment than that of three years' confinement to hard labor, such confinement must be suffered in 'he state prison and not in the house of correction ; and we can perceive nothing in this statute, or those affecting analogous cases, to induce a belief that the legislature had a different intent. . The court are therefore of opinion that the three judg ments were erroneous and must be reversed.

In regard to the two first convictions abovenamed, the prisoner, in each of them, was charged with stealing property of less value than $ 100, in a shop or warehouse, without averring, that this larceny was committed in the day time. According to the case of *Hopkins* v. *The Commonwealth* (*post.* 460,) this could only be punished as a simple larceny, in stealing property of a less value than $ 100 ; and therefore the sentence to two years' imprisonment in each case, was not warranted by law On this ground also, the court are of opinion that these judg ments were erroneous.

*Judgments reversed.*